

```
ADAM WANG (SBN 201233)
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-286-6619

Attorney for Plaintiffs
Manuel Garnica & Gomez Villegas
```

FILED
2008 JAN 25 P 2: 40
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING
ADR

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL GARNICA and GOMEZ VILLEGAS,

    Plaintiffs,

vs.

CREATIVE HORTICULTURE, TINA BLOCK, ROBERT BLOCK and DOES 1-10,

    Defendants

Case No: C08 00612 RS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200;
4) Violation of California Labor Code Section 226.7;
5) Violation of California Labor Code Section 201; and
6) Violation of California Labor Code Section 226.

## NATURE OF CLAIM

1. This is an action on behalf of MANUEL GARNICA ("GARNICA") and GOMEZ VILLEGAS ("VILLEGAS") who had been employed on a hourly basis by Defendants TINA BLOCK, ROBERT BLOCK doing business as CREATIVE HORTICULTURE, and DOES 1-10 for some time during the last four years prior to the filing of this Complaint, seeking damages arising from their employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and

COMPLAINT - 1

Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages for missed meal premiums, waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**PARTIES**

2. At all times relevant herein, Plaintiff GARNICA is an individual resident of San Jose, California.

3. At all times relevant herein, Plaintiff VILLEGAS is an individual resident of San Jose, California.

4. At all times relevant herein, Defendant ROBERT BLOCK is the owner of the sole proprietorship of the business called CREATIVE HORTICULTURE, with its primary place of business in Saratoga, California.

5. Individual Defendants ROBERT BLOCK, TINA BLOCK, and DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of CREATIVE HORTICULTURE having control over the Plaintiffs' work condition and work situation.

**GENERAL ALLEGATIONS**

6. At all times relevant herein, Plaintiffs were employees of Defendants, who are engaged in constructions with their principal place of business in Saratoga, California.

7. Plaintiffs were, according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

8. During the course of Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

9. Plaintiffs were only paid straight hourly rate, but not overtime time rate.

10. Plaintiffs did not perform "exempt" duties in their positions with Defendants and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. Plaintiffs were not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

11. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of Defendants where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of Defendants.

## COUNT ONE

## VIOLATION OF CA LABOR CODE SECTION §510

## FAILURE TO PROPERLY PAY OVERTIME WAGES

12. Plaintiffs re-allege and incorporate paragraphs 1-11 as if fully stated herein.

13. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

14. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

15. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

16. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

17. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

18. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

19. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

20. Plaintiffs re-allege and incorporate paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered under FLSA.

22. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

24. By not paying overtime wages in compliance with the FLSA, Defendants violated Plaintiffs' rights under the FLSA.

25. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

26. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

27. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

28. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE

## VIOLATION OF CA LABOR CODE § 226.7

## FAILURE TO PROVIDE MEAL PERIODS

29. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-28 as if fully restated hereinafter.

30. At all relevant times herein, Plaintiffs' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

31. During Plaintiffs' employment with Defendants, Plaintiffs worked at least 5 hours a day, and were not provided a meal period as required by law.

32. For each time that the Plaintiffs were not provided the required meal period, the Plaintiffs are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

33. Plaintiffs are therefore entitled to payment, in an amount to be proven at trial for additional pay for each meal period that Defendants failed to provide.

## COUNT FOUR

## VIOLAITON OF CA LABOR CODE SECTION 201

## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

34. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-33 as if fully stated herein.

35. At the time Plaintiffs' employment with Defendants was terminated, Defendants owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

36. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer to the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

37. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

38. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable

## COUNT FIVE

## UNFAIR BUSINESS PRACTICES

## BUSINESS AND PROFESSIONS CODE SECTION 17200

39. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-38 as if fully stated herein.

40. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California

Industrial Welfare Commission as well as FLSA, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law. California law also requires employer to provide meal periods to employees every five hours worked.

41. At all times relevant herein, as the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by FLSA, applicable California Labor Code and applicable Wage Orders, and filed to provide required meal periods, .

42. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay and meal period premiums to which they were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

43. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

44. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay and meal period premiums, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

45. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but

willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due and meal period premiums.

46. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT SIX

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 226

## INADEQUATE PAY STATEMENTS

47. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-46 as if fully stated herein.

48. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address and name of the employer.

49. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

50. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

51. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

52. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

53. Plaintiffs are therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial.

54. Plaintiffs have incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

55. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

56. For liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

57. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

58. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

59. Damages for missed meal times in violation of California Labor Code §226.7 in an amount to be determined at trial;

60. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

61. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

62. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

63. For costs of suit herein; and

64. For such other and further relief as the Court may deem appropriate.

Dated: January 24, 2008

By: /s/ Adam Wang
Adam Wang
Attorney for Plaintiffs